this morning as you know we have two cases that are consolidated United States versus Diaz and United States versus Lopez. Mr. Zipp is representing the government on both cases and in the in the Diaz case Ms. Hanover is representing the defendant and in the second case Lopez Mr. Marx is all right with you since Mr. Marx is going to get 18 minutes and if you will indulge us Ms. Hanover why don't we take the Lopez case first rather than starting with the two-minute one and come back is that all right with you I can't can't hear you got yours I know now we can yeah is that all right with you yes absolutely that's fine your honor thank you very good so we'll start we realize this is all part of one argument and it deals with the same statutory construction issue but we'll start with the case of United States versus Lopez Mr. Zipp you want to start the argument for the United States please and I assume you'll deal with the issue in terms of both cases but we proceed and I'll let us know you want to save any time for rebuttal yes your honor I'd like to reserve five minutes for your rebuttal okay we'll try to help you but keep your eye on the clock if you will please that's please the court Daniel Zipp on behalf the United States your honors this court should interpret the safety valve provision of 3553 F to provide for a disjunctive set of criminal history requirements although we recognize that the word and is most commonly used in the conjunctive that reading in this case would lead to a number of concerns first and foremost it would violate the well-established principle that statutory and statutory interpretation that legislative enactments should not be read in a manner that renders their provisions mere surplusage mr. Zipp before we get that I have a couple questions because you admit that it would defy the common meaning of and or goes against the plain and common meaning of and correct it seems like agreed with that in the brief it it also would seem to ignore the structure of 3551 f1 as a conjunctive negative proof correct that is correct as well yes all right it seems like it would also ask us to disregard Congress's legislative drafting manual and what it states specifically in the drafting manual of what how an ant should be interpreted in the same context that it is here is that correct that's also correct your honor all right and then it also would go against the giving support of and similar meaning not just throughout the sentence throughout the statute but throughout the sentence correct yes your honor okay so it seems like there's kind of a hill to climb here for you and you say that by reading it by and and not by or create some some concerns but doesn't it need to cause absurd results or and my question for you is absurd results and defying common sense the same same standard in your view or is that two different standards or and do you think you've reached that high bar of absurd results I guess the response would be yes all four of those points you mentioned way against our interpretation but the law of this court is clear that holistic endeavor and there are a number of what we believe to be stronger canons of statutory interpretation that way against the the conjunctive interpretation counsel excuse me I I know you would want to continue on this but you say that our our case law suggests that statutory interpretation is a holistic endeavor yes what what case or cases do you cite to that effect it's well I'm sorry it's a Supreme Court case but it's Coons versus Buick Pontiac statutory construction is a holistic endeavor it's the quote that's interesting I wonder if Justice Gorsuch would feel that way he's a textualist if anybody is a textualist aren't you asking us to violate that manner of ensuring statutes no your honor and I think to go back to the first point I was making even looking purely at the text of the statute under the rule against surplus age you can see that a construing and in the conjunctive in this case would render one-third of the language that Congress added to be without meaning out of the gate without even looking at legislative history or any external sources anytime you had to defend it who had a three-point prior and a two-point violent offense they would necessarily have more than four criminal history points and all that's true and I do I do agree with the way you're interpreting that but isn't that Congress's fault they wrote this we didn't write it you're suggesting we need to perform a verbal contortionist action by rewriting this statute is that our role no your honor and we're not asking but we're not asking the court to rewrite the statute we're asking this court has asking us to interpret and to mean or right and they're writing is it not that for the last 150 plus years starting with the United States versus this case and continuing all the way up until the Confederated Tribes case of last year this court has repeatedly recognized that on this issue of interpreting and and or that those two words as odd as it may seem to people in the sort of non statutory interpretation world those two words are often used virtually interchangeably and with a certain laxity that asked this court repeatedly to to do what we're asking it to do and to interpret the word and in the disjunctive if the other canons of statutory interpretation support that reading what what is the best case that you would cite or the government's position that in this case we ought to interpret the word and to mean or I would say the the court's decision just last year and the Confederate tribes versus Yakima the court in that case interpreted the word and in the disjunctive to mean or and it and it did so for one reason only it that word and is plausible because only one gives meaning to every word in the statute the same is true here only by interpreting the word and to mean or does that first subsection that Congress added have any meaning otherwise if they're all read together there there's no reason to include a four-point requirement at the outset council perhaps I'm jaundiced having worked a on a committee long ago but isn't it quite plausible that the reason you have the statute the way it is is that people said well we don't want violent offenders so they put in the two violent two-point violent part and then somebody says well we don't want a big offense they put in the three-point offense and then we don't want somebody with a whole bunch of them and they put in the four-point criminal history and this nobody sat down and made this in my view rather abstruse a surplus age argument because what you've got is people wanted to loosen things up they clearly wanted some people out and then they came up with this slightly strange amalgam with what we have here but we have to read what we've got if I could let me follow up on myself I'm sorry the best thing for you as I read it is the contemporaneity what I call the bullet points from the committee on the judiciary you have the sentencing commissions a write-up probably from some staffer and you have these district court cases all of which people act as though it's an old okay so I'm kind of with you there but are any of these ones were people faced up to the issue that is the things that you put in on those points seem to me to be pretty strong but they're only suppositions do you have anything where somebody before now has faced up to the issue and taken your side other than that district court in the atomic case no and we acknowledge that the legislative history in this case is not the strongest in the world we have a few statements from the senators on the floor that describing this as a modest change and one that would apply to nonviolent offenders and then as you mentioned the sort of summary from the Judiciary Committee but our argument is not primarily that the that the legislative history wins the day in this case I think it fully supports our reading but our primary two arguments are as I mentioned that that read reading it in the conjunctive would render the first subsection as mere surplus age and then more broadly that reading it in this manner is simply illogical and absurd and would defy common sense well let me ask you let me ask you this that it it sounds like the government seems to be conceding that the statute is by your reading ambiguous you agree with that yes I think okay with the ambiguous then why wouldn't the rule of lenity control and we can screw it in favor of the defendants in these cases well I think that's what the district court did below but I don't think that that is a appropriate use of the rule of lenity this court or the Supreme Court in a Bramski said that that rule only comes in to play if there's grievous ambiguity ambiguity or uncertainty in the statute and if after applying the other canons of statutory interpretation the court must simply guess at what Congress intended here the mere possibility of articulating a narrow narrow construction doesn't make the rule of lenity applicable here so in our view the the rule only comes into play at the very end of the process if after consulting the rule against surplus itch and the rule against absurdity and consulting the legislative history if at the end of the day the court has to simply throw up its hands and and yes as to what is meant here that's when the rule of lenity but but if we get there I mean for example you cite the the what the Senate Judiciary Committee summary did but that referred to a different version of the bill them up was all the enacted so if we get through all of this and we find that none of the canons really solved the problem do you agree that in that case it is ambiguous and then we apply the rule of lenity if the court finds that the statute after at the end of the process is grievously ambiguous and that has to simply guess at what Congress meant and yes that's when the rule of lenity would come into play let me ask you because I focus a lot on this three point of violent offense and whether or not it can you know violates the the cannon against surplus edge council of ideas argues that a three-point a violent offense can satisfy subsections B and C under 3553 F but not satisfy subsection a more than four criminal history points making a not superfluous so you argue that that can't be the case from what I understand because the two-point violent offense includes a prior sentence only between 60 days and 13 months of my understanding you correctly that's correct what where is the exact phrase to point violent offense in the sentencing guidelines I don't think it's there I mean or a 1.1 B says you add two points for each prior sentence of imprisonment of at least 60 days not counted in a and then for a point a 1.1 a says you add three points for each prior sentence of imprisonment exceeding one year and one month I understand your your reading of a two-point offense it's the commentary to for for a 1.1 it makes the two-point and three-point offenses mutually exclusive essentially what the any offense that's more than 60 days but does not qualify under subsection a meaning that it's not more than 13 months in a day but for a 1.1 never mentions the phrase two-point violent offense the Senate Judiciary Committee bullet point summary on that the one that you cite found on I think it's at PR 153 disagrees with your own interpretation of a two-point violent offense it says a bullet point summary explains a two-point violent offense as follows violent offenses with sentences of at least 60 days and I'm just wondering doesn't that interpretation make sense here when you consider that section for a 1.1 in context because it seems like it's meant to count the sentencing guideline calculation and not count twice the same sentence under for a 1.1 B and N a I think that's our argument is that it would be impossible to have a violent offense that only that method definition of two-point offense and also at the same time met the definition of three-point offense if you look at the commentary it says an offense of at least 60 days not counted in for a 1.1 a so but but there can be overlap under under the safety valve otherwise the just you know just hunched disjunctive interpretation of of the of the and of 35 to 3 f1s and and a five-year sentence of imprisonment will not satisfy the two-point offense that seems odd doesn't it and that supports our argument I think if you look at what the the actual 35 53 F language says it's two-point violent offense as defined under the sentencing guidelines so then if you refer to the guidelines they in the commentary say that a two-point offense is limited to this 60 day to 13 month window and that's leads to the absurdity of the conjunctive interpretation but well but you're reading also leads to odd results well it seems like because then you would you would be excluding the people who are or you're only including the the people from 60 days to 13 months I'm not sure well once you have it once you have a disjunctive reading then it makes sense that that category of 60 to 13 month defendants if anyone who had even a 60-month violent offense would be precluded from safety valve and then similarly someone with a three-point offense would be precluded or four or more each of the the factors that Judge Boggs just mentioned earlier that sort of focus on recidivism one focus on violence one focus on more serious felony each of those independently would preclude relief it's only by reading them all together into the same defendant that it leads to the absurd result well how do you square your view with the first step acts purpose of helping low-level which I think you agree low-level nonviolent defendants with excluding defendants like Lopez from safety valve relief I guess even under the the disjunctive language that it does provide a modest expansion of the criminal history requirements for many years we've operated here in a world where even having even being on probation or having two one-point offenses would have precluded you this expands it modestly so that someone other than someone with a three-point offense a two-point violent offense or a for total criminal history points not counting one-point offenses that's a fairly significant expansion even in the defense like Lopez because you're saying admit I guess Lopez would not be you know even though he committed vandalism charge was convicted of vandalism charge some you know when he was 22 over 10 years ago you don't think that's the kind of person that would have been they would have been was a vandalism offense but he served 16 months for it it scores within the guidelines and it's a three-point offense so please guilty to selling one marijuana cigarette to another in your view Congress mean to exclude that person from safety valve relief when it amended you know 3553 f1 in 2018 because that would result in a 13-month sentence oh if it resulted in a 13-month sentence it would result in a 13-month sentence if you go to Alabama Missouri or Mississippi it would result in a 13-month sentence I'm so I would just what what if we you asked at the judge would be his question I just want to point out you're down to two minutes do you want to reserve the rest of your time after you answer the question yes your honor I would like to reserve the rest of the time and and yes I it's hard to imagine that single marijuana cigarette resulting in a 13-month sentence but if if that did in whatever district it would be that that would fall within the disjunctive language but that also is the that's an that's another odd result from your reading and I know you're questioning the odd result from the reading in the conjunctive but that's an odd result in the disjunctive and I'm just having a hard time you know understanding or believing that Congress got together after years of discussing criminal justice reform modified the safety valve while repeatedly saying on the Senate floor it would give district courts discretion to avoid unfit sentences or you know and then for some reason not allows district courts to give safety valve relief for a vandalism conviction or conviction of selling once cigarette some time ago I guess my only response would be that that still is a significant expansion on those unusual facts it doesn't seem right but with judge Smith's permission if I could go ahead is it really a significant expansion I mean this all of the focus is on on f1 but you still have all the other I mean you don't have to a judge doesn't have to go below the mandatory minimum they can still go above the mandatory minimum and it's what is this one this one statutory provision they're still the other steps for the other provisions that take into consideration you know all of the safety valve factors this is just one of the safety valve factors but you still can look at f2 f3 f4 and f5 which I think would also eliminate any violent offenders so I'm just wondering if we're too hyper focused on this when you're considering the modest reduction in your argument your honor and certainly there would be many defendants who still wouldn't qualify but I think with the focus of this argument has to be on the language that Congress did amend and what they changed and all they changed in this case was the criminal history requirements and our point ultimately is not that it's you know that we have any sort of policy disagreement with them expanding it or that that they should have expanded it less our point is simply that if you look at the three subsections that they added it's not logical to conclude that they would have expanded it in the manner that this disjunctive reading or conjunctive reading would apply that the safety valve would only the safety valve would be ineligible only to those defendants who happen to fit this sort of haphazard collection of violent nonviolent sentences of certain lengths so ultimately yes I think that to answer your original question an expansion from a merely a more than one point criminal history requirement to eliminate defendants who have three or more points for a more serious felony that they served more than 13 months in prison was the modest change that Congress was was attempting not the sort of haphazard expansion extension that would result from a conjunctive reading okay we're gonna give you a couple of minutes of rebuttal after your colleagues finish because we've taken a little bit beyond the normal time let's now hear from mr. Marx and of course mr. mark you and mrs. Hanover are gonna be dealing with some of the same issues I don't want you coordinated but if not we're looking forward in either way so let's hear from mr. Marx for 18 minutes thank you your honor good morning and may it please the court Michael Marx federal defendants of San Diego and I will be speaking on behalf of both mr. Lopez and mr. Diaz for the 18 minutes that I have this provision is I think the government has all that conceded is is unambiguous the plain language of the statute the natural reading is conjunctive the only reading that's consistent with the rest of the safety valve provision and the rest of 3553 a or 3553 is conjunctive and so let's let's start with the plain language as the government admits the natural reading is a conjunction the rest of the statute 3553 F the safety valve provisions written with the exact same structure an introductory phrase a number of subsections separated by semi-colton joined by and clearly this court has helped that that part of the provision is conjunctive can I just I'm just as a matter of clarification I did you say that the government has all but conceded that the statute is unambiguous ambiguous I understood the latter well I think it's important to think about what they are saying is ambiguous I think that they have conceded that the natural reading of this statute is unambiguous they have never suggested in the briefing or today that there is a natural reading of this language that is disjunctive or that there's somewhere else in the statute that you can look at and as a disjunctive or or were they you know every time in 3553 that they use or it is in fact disjunctive so that's there's no ambiguity there and I think I would I would look to what justice Gorsuch said your honor you noted his influence earlier he made clear in Bostock recently that these extra textual concerns the canons of construction they are there to clarify ambiguous language but they are not there to create ambiguity where none exists and it's interesting with the government cited Coons earlier and said this is a holistic approach but this is this is what Coons said it says a provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme so the idea is that if the government can say naturally read this could go either way then we agree you get to these other steps and you try and figure out through the other statutory construction norms or perhaps extra textual concerns like legislative history which of these two equally plausible readings is the one that Congress intended but they've never actually proposed that there's another reading that makes sense when you when you just read the plain language but can you mr. Marx address mr. zips argument that that this was meant only to be a modest increase and so to read and in the in the conjunctive you know divide defies that modest sort of relief of judicial discretion yeah there's a number of reasons why we don't think this the statute is absurd and why this is I don't know exactly what what senator lady meant by modest but look the the provision could have been modified to essentially eliminate safety valve but it left four of the five subsections intact made no changes as as to this one subsection it certainly made more people eligible that was the very point but really all it did is it shifted the focus of safety valve eligibility to the person's conduct in the instant charge defense and said to the extent we're going to bar people because of their past conduct having nothing to do with this offense we're so we're going to only preclude people based on their past conduct if they have the most aggravated most serious criminal history again I think counsel counsel if you take your reading the the easiest one is that a person who doesn't have a two-point violent offense he can he can have criminality out the wazoo and he still gets the benefit of this is that not correct I mean he can be Bernie Madoff and have defrauded people of zillions and have all the criminal history points and all of the three-point offenses you want if he just robbed them with a fountain pen instead of a six gun as as Woody Guthrie said is that is that modest it is and and and the reason is that the if a person remember we're talking about eligibility for safety valve here we're not talking about the ultimate sentence that a person receives so in the case of somebody who has a particularly aggravated criminal history and have to well and and and if the offense is particularly about itself the district has a discretion to sentence at a much higher level above the mandatory he always has that I mean that that's a kind of a failsafe argument but clearly if you go through the legislative history Congress did not want to give judges unlimited discretion there was an earlier version that said something about the the judge could find the criminal history overstated and that was taken out I believe so that's kind of a make way argument let me give you one other question which is your argument on textualism is very strong my question is why is it that until really now everybody just acted as though it was the bullet point summary the sentencing commission which grant granted with staff but they're relatively smart people and quite a lot of district court cases and the man so case granted it was very brief but that's some smart night circuit judges saying things that are completely saying that it's or that any one of the three knocks you out is it just that you guys were smarter than everybody else before or is there some way the same question I asked the other side is did anybody ever face up to this until Adama no no no one did and I the best explanation I have for the inconsistency between how people apply the statute and how it actually reads is that person perhaps the intuitive gut response based on the fact that we've we've all practiced in a world where it was was pretty strict for a long time is that it wasn't meant to be as expensive as in fact it reads but as as the as all three of the panel have pointed out today what is that issue is what it says and it clearly on its face makes my client mr. Diaz eligible and to the extent I would go I want to talk a you know the kind of sky is falling argument of the government's making judge box that in a dominant of the district of Idaho case that court said gave the same example that mr. zip dab mr. zip did in his breathing which is person has five previous convictions for drug offenses they're looking at a 20 they're a career offender looking at a 25-year mandatory minimum we see this is absurd how could this person be eligible for the safety valve I went back and I 30 years to life so in order for that person to even under the guidelines get back down to the mandatory minimum the judge has to agree on certain adjustments and departures or at least convince the defendant has convinced the judge the variance isn't appropriate so those sorts of cases where somebody might be included in eligibility in a way that Congress Congress would say well that's not really the people who want to be eligible those people aren't getting probationary sentences what would be absurd and I think the problem that Congress was trying to fix was certainly that the the state of things beforehand where somebody just by virtue of being under probation but never having spent a day in jail before could be precluded from eligibility and subject to mandatory minimum and we think also to the extent that you're going to miss people on the edges that the margins might be over or under inclusive I think that Congress in expanding safety valve certainly wanted to include people like mr. Lopez and mr. Diaz whose criminal history is not so should be ineligible for a sentence under the mandatory well perhaps saying look maybe we're gonna make some people eligible that have really extended criminal histories but at least in that case the judge will have the discretion to fix it when you say somebody is subject to a mandatory minimum that means the judge cannot fix it no matter what they want and I think the clear purpose of Congress the only thing we can be sure of in terms of the legislative history given that it is so scant they didn't really show their work is that they meant to expand safety valve they meant to include more people and our reading does that what about some of our case I think although case that mr. zip referred to was confederate tribes and bands of Yakima nation versus Yakima City how do you reconcile that with you know the reading of and there as or versus here sure in all in all of the cases that the government sites so it's Yakima and Wunderman's Council and there's a few others none of them involved this negative list of prohibitions none of them they all include kind of an affirmative list where they say in connection with a and B or involving a and B or this means a and B and that is a situation where in the English language unfortunately and can sometimes have a conjunctive but merely by using the word and Congress has created a per se ambiguous statute that's clearly not the case I agree with with mr. zip that you read the whole provision so it's not just the word and may not convey a particular meaning but certainly in context of the provision it can mean something and here as the government has said when you read it naturally it ambiguously says there's believe it was the court retains jurisdiction in cases involving not Indian defendants not in Indian victims so it was unclear do you mean both have to be non-indian or just one and what the court said and this was came to the same conclusion of the Sixth Circuit has said which is if only one of these two plausible readings in of an ambiguous statute makes sense then you go with that but generally you don't take the you know countertextual argument to fix some problem that comes only after you read this on an unambiguous statute if I could I know there were a lot of questions about the superfluity argument I want to make two points about that first given that the statute reads plainly in the conjunctive I think the fact that there is overlap really doesn't get the government very far I think that the statutory analysis is done once once you find that the language means what it says so I don't I don't think the fact that there is over that even if you find that it's superfluous would mean that you have to reject the or even could reject the plain meaning of statute but it's important to recognize what the reading our reading of the statute is superfluous and that's simply not the case as mr. Zipf said he said if once you look at this case this this statute conjunct or excuse me disjunctively the way the government wants to read it then it has this problem in part C of you know only referring to to two-point offenses but what you have to do when you're saying our reading is superfluous is take it out of space we read it to be conjunctive we read part C to include both two and three-point offenses under that reading there is nothing superfluous apart about part a now I understand the government's attack they say look but the real problem then isn't that it's superfluous is that you're including three-point offenses not just two and my response to that is this we know that this provision is is targeted at identifying only the most aggravating criminal history our argument is something today maybe about where to draw that line or where did Congress intend to draw that line but that's clearly the intent is to identify the most aggravated history and say those people unlike others will not be eligible for a sentence under the mandatory minimum it makes no sense it is truly absurd to say that Congress would include people who had a sentence for the same offense that got a sentence of 60 to say 13 months but then the same offense you get more time than that and that doesn't have any effect on your eligibility for safety belt that's that's absurdity and we suggest that that's absurdity the absurdity doctrine applied correctly because it's not about identifying particular instances here and there that might be unexpected or unfair in the eyes of anybody the question is does it have a facial problem and it makes no sense that in every single application of part C a person would be precluded from safety valve if they got say eight months but would be not precluded from safety valve with a sentence of 10 or 20 years that basically makes absolutely no sense so that can't be the reading and and I think it's also supported I think that that that the language of that statute actually identifies a base I'll use one example I just recently put in my my MCLE time and the bar website in California notices when I was preparing for argument says how all California lawyers must complete 25 hours of MCLE every three years it didn't say must complete at least 25 hours but of course that's how I understood it I wouldn't have been upset if I had 26 or 30 hours luckily I had more than 25 hours but sometimes we pick out a number but we mean it to say at least and I think that is the usage clearly under a part C that that Congress intended and that's because because it just simply would make no sense to say that we want to include an eight-month conviction but not a 20-year conviction that can't possibly be the correct reading I still have time I'm happy to answer any questions I can also turn it over to miss Hanover do either of my colleagues I have one question I I noticed your background there is snow is that a background or has it gotten colder in San Diego than I think it is I I'm coming to you from Anchorage Alaska today so you know okay so but my sunrise is a little bit later my outdoors is we have big single digits so I'm feeling a little glass like everybody else okay all right thank you miss Hanover turn over to you thank you Holly however on behalf of mr. Diaz I want to join in the arguments made by mr. Marx and I just have a couple of brief additions to that just to drive the points home that he wanted to make as well it's our position that 3553 f1 is unambiguous and it reads conjunctively there's nothing absurd about reading the word and in the First Step Act was expanded to improve the eligibility for safety valve and the conjunctive reading of that goes right along and is entirely consistent with that intent in fact to do so is grammatically and logically the norm especially when the list involves a list of negative prohibitions as it does in this case according to Scalia and Brian Gardner in their description of how to aspects of legislation this argument is also supported by the fact that 3553 F in general also uses the same conjunctive construction as section 3553 f1 so to basically argue that this part of the statute should read the exact opposite of the rest of the statute would be absurd in our opinion the had every opportunity to use the word or and could have easily done so because it's pretty clear from the remainder of the statute they used the words or the word or several times but declined to do so within the section 3553 f1 and I think that that says a lot about the statute and the construction of it and finally I wanted to leave the the court with this quote from judge Gorsuch from the recent case of the last Supreme Court term when the expressed terms of a statute gives us one answer and extra textual consideration suggest another it's no context only the written word is law and that's our position on this case sure thank you thank you very much do either of my colleagues have any questions for ms. Hanover thanks to both thanks to both counsel for the defendants mr. ship you have a little rebuttal time we're going to give you a just briefly in Griffin versus Oceania contractors the Supreme Court said that interpretations of the statute that would produce absurd results are to be avoided if alternate interpretations consistent with the legislative purpose are available and what we have proposed in our brief is an alternate interpretation and that's one that reads the words does not have at before the M dash at the beginning of the statute to modify each of the three following subsections so that a defendant is precluded from safety valve relief if he does not have more than four criminal history points does not have a three point offense and does not have a prior two-point violent felony offense that reading would eliminate the absurdity that judge Boggs noted of Bernie Madoff type figure still qualifying that the court noticed in a domain of someone that qualified as a criminal career offender qualifying and it would eliminate the problem of a similarly situated defendant with one serious felony offense and a misdemeanor violent offense not qualifying while that same defendant if he had a more serious violent offense would qualify but counsel you're clearly asking us to rewrite the statute are you not we're asking this court to interpret and as or as this court has done many times in the various canons of interpretation and to sort of essentially read it as a disjunctive whether that's rewriting or interpreting I think doesn't really matter at the end of the day what we're saying is that the the rule against surplus age the rule against an absurd interpretation and the legislative history that there is all support the sort of relatively easy lift as this when that's plainly what Congress intended but what's your response to miss Hanover's quotation from Justice Gorsuch in terms of how we read statute I would just go back to the same points that this this unique problem here of and meaning or or or meaning and is one that this court has recognized for 150 years that would also be true of the meaning of the word sex and they and the Rights Act of 1964 would it not it could be but I don't know that that rule necessarily applies to every word in every case that simply reading the plain language is the end of the analysis as this court has held many times but I do if I understood you correctly before you you agree that if applying all of the construction we conclude that the statute is ambiguous that then the rule of lenity would apply it's more than that I think you this court would have to conclude that it's grievously ambiguous and that it has to simply guess at what Congress meant in this case and for all the reasons that we've outlined this this interpretation simply doesn't reach to that level so we'd ask that you adopt the alternate construction that applies that does not have to each of the subsections and and limit the reach of this amendment alternative facts right it's an alternative interpretation okay I'll agree on the facts here all right do do any of my colleagues have any additional questions for the government thank you we thank all counsel for your argument in this interesting case we recognize this is an interesting and important problem since safety valve considerations involve almost all criminal sentencing issues so thank you very much the case just argued is submitted and the court stands adjourned for the day
judges: Boggs, M. Smith, Murguia